# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEY L. BOWEN,<br><br>   Plaintiff,<br><br>   v.<br><br>POST MASTER GENERAL, et al.,<br><br>   Defendants.<br>_____/ | Case No. 1:14-cv-00059-AWI-SKO<br><br>**ORDER THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITH 30 DAYS LEAVE TO AMEND**<br><br>(Docket No. 1) |

## I. INTRODUCTION

On January 15, 2014, Plaintiff Stacy L. Bowen ("Bowen") filed a complaint under the Americans with Disabilities Act ("ADA") against the Post Master General, the U.S. Postal Service Post Master, Eva Foster, Lance Lopper, and Mel Gonzalez (collectively, "Defendants").  For the reasons set forth below, Plaintiff's complaint is DISMISSED with 30 days leave to amend.

## II. BACKGROUND

Plaintiff alleges she was "cleared to return to [her] job as a letter carrier with the U.S. postal service" on June 15.  (Doc. 1, p. 1.)  Plaintiff does not state when or why she was away from her job; she alleges only that she returned on June 15.  Further, Plaintiff does not allege the year she returned to her job, but it appears to be June 2013.  Upon her return to work, she was apparently assigned to an "all walking route," which she "cannot do," but she does not explain why she cannot perform an all walking route.  Because she was unable to perform the route, her

"doctor took her off work." She told someone she would apply for a different route, but learned she would not be given her "seniority date of June 1994." Plaintiff contacted Lance Looper and Mel Gonzalez and told them "of this major error," but no action was taken. Plaintiff does not allege what positions Lance Looper or Mel Gonzalez held with the U.S. Postal Service ("USPS"); Plaintiff identifies Lance Looper as a "Bid coordinator," but provides no explanation what this position entails or why notification to a "Bid coordinator" would be given by an employee regarding the inability to perform an assigned work route.

Plaintiff alleges she then filed "an MSPB case," which was withdrawn at her request when the USPS restored her original seniority date. She also filed an "EEO-4F-956-0130-14," seeking back pay and that action be taken against "Senior Personnel who should have known the Postal Manual ELM-35 governing the return of injured workers and or Workman's Comp employees." (Doc. 1, p. 2.) Plaintiff's "EEO case," however, was dismissed as a "mixed case," but she maintains it was not a "mixed case." Plaintiff states she withdrew the "MSPB case[] because there was no settlement." Plaintiff alleges she informed "postal counsel" that she intended to pursue the EEO complaint. In this suit, she demands $57,073, which includes four months of back pay as well as "damages due to late bills, fees and mental anguish." (Doc. 1, p. 2.) Plaintiff also requests the following:

> I request that all supervisors know the rules in the OPM regulations as well as Postal Manuel ELM-35 governing the restoration of injured worker[.]  I also request that my Postal Retirement be fully restored, and my uniform allowance be restored. I also request the court to appoint an attorney for me, and commencement of this without the payment of fees, cost or security in such circumstances as the court deems just; this action is within the 90 day period as prescribed.

Doc. 1, p. 2.)

### III.   DISCUSSION

**A.   Screening Standard**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from

such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Twombly*, 550 U.S. at 555).

**B.     Plaintiffs Discrimination Claims**

Construing Plaintiff's complaint liberally, she is attempting to state a claim pursuant to the ADA or Section 501 of the Rehabilitation Act against USPS as well as three individuals who apparently work at USPS.[1] She alleges discrimination because of a disability. (Doc. 1, p. 1 ("Jurisdiction of this court in invoiced to the Americans with disabilities act. [sic] Section 501, which prohibits a Federal Employer from discriminating against qualified individuals as well as OPM Regulation 353,304(c) which states an employee, must be fully restored to all rights and benefits.").)

---

[1] Plaintiff also marked her civil cover sheet indicating her complaint asserts her civil rights pursuant to the Americans with Disabilities Act. (Doc. 1-1.)

### 1. An ADA Claim is Not Cognizable Against USPS

The USPS, as a federal agency, is not a covered entity under the ADA. *See* 42 U.S.C. § 12111(5)(B)(i) (declaring that the federal government is not an "employer" for purposes of the ADA). Instead, the Rehabilitation Act of 1973 applies and affords nearly the same protection as the ADA. 29 U.S.C. §§ 701-194. The Rehabilitation Act, 29 U.S.C. § 791, *et seq.*, prohibits USPS or any other governmental agency from discriminating against its employees on the basis of a disability. *Boyd v. United States Postal Serv.*, 752 F.2d 410, 413 (9th Cir. 1985) ("[S]ection 501 is the exclusive remedy for discrimination in employment by the Postal Service on the basis of handicap."). "The Rehabilitation Act requires that government[al] agencies reasonably accommodate an employee's disability." *McLean v. Runyon*, 222 F.3d 1150, 1153 (9th Cir. 2000) (citing 29 U.S.C. § 794; *Mustafa v. Clark Cnty. Sch. Dist.*, 157 F.3d 1169, 1176 (9th Cir. 1998)).

While the ADA is inapplicable to disability claims by USPS employees, the liability standards under the ADA are incorporated into the Rehabilitation Act. *See* 29 U.S.C. § 791(g); *Thompson v. Donahoe*, 2013 WL 3286196, at *9) (N.D. Cal. June 27, 2013) ("The Rehabilitation Act incorporates the standards of substantive liability of the [ADA.]") (citing 42 U.S.C. §12101 *et seq.*; *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007)). As a result, the case law construing the provisions of the ADA generally pertains equally to claims pursuant to the Rehabilitation Act. *See Luke v. Regents of University of California*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) ("There is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act.").

### 2. Plaintiff Fails to State a Cognizable Claim Under Section 501 of the Rehabilitation Act

#### a. Claim Against USPS Postmaster General

To state a claim under the Rehabilitation Act, Plaintiff must allege facts showing (1) she is a person with a disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination because of her disability. *Walton*, 492 F.3d at 1003 n.1. Plaintiff must also allege how her disability was a motivating factor behind the discrimination she suffered. 29 U.S.C. § 791(g) (adopting standards of ADA for claims under Section 501 of the Rehabilitation Act,

including 42 U.S.C. § 12112, which prohibit discrimination "against a qualified individual with a disability because of the disability . . . . ").  Both disparate treatment of a disabled person and refusal to make a reasonable accommodation for a disabled person are actionable. *See Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002).  To state a reasonable-accommodation claim under the Rehabilitation Act, the plaintiff must allege that she (1) is disabled under the meaning of the ADA; (2) is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) suffered an adverse employment action because of her disability. *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003).

### (i) Alleging a Disability Within the Meaning of the ADA

The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [the] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."  42 U.S.C. § 12102(2). Accordingly, the ADA's applicability depends on whether the plaintiff's asserted impairment is a "disability" within the meaning of the Act; this, in turn, depends upon whether the asserted impairment "substantially limits one or more of the major life activities of the plaintiff." 42 U.S.C. § 12102(1)(A).

"A 'major life activity' must be of 'comparative importance' and 'central to the life process itself,' and need not have a public, economic, or daily character." *Rohr v. Salt River Project Agricultural Imp. & Power Dist.*, 555 F.3d 850, 861 (9th Cir. 2009) (quoting *Fraser v. Goodale*, 342 F.3d 1032, 1039 (9th Cir. 2003)).  "Major life activities" include but are not limited to "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."  42 U.S.C. § 12102(2)(A); *see also* 29 C.F.R. §1630.2(i).  Additionally, a person is substantially limited in these activities if she is "[s]ignificantly restricted as to the condition, manner or duration under which [she] can perform in a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity."  29 C.F.R. § 1630.2(j)(1)(ii).

Here, Plaintiff has not alleged how she is disabled. She states only that she returned to her job as a letter carrier, but was assigned an "all walking route which [she] cannot do." (Doc. 1, p. 1.) This allegation is insufficient to set forth how Plaintiff is disabled under the ADA.

### (ii)    Whether Plaintiff is a "Qualified Individual"

"To state a claim of discrimination under the ADA, a plaintiff must establish that he or she is a 'qualified individual.'" *Rohr*, 555 F.3d at 862 (citing 42 U.S.C. § 12112(a)). A qualified individual is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Essential functions are the "fundamental job duties of the employment position . . . [but not] the marginal functions of the position." 29 C.F.R. § 1630.2(n)(1).

If an accommodation for a "qualified individual" with a disability is require to enable a plaintiff to perform the essential functions of the job, the plaintiff must provide evidence sufficient to make at least a facial showing that a reasonable accommodation is possible. *Buckingham v. United States*, 998 F.2d 735, 739-40 (9th Cir. 1993).

Here, Plaintiff has not alleged the nature of her disability or how she can perform the essential functions of her job with or without an accommodation. Plaintiff must allege how she remains able to perform the essential functions of her position of employment, with or without an accommodation.

### (iii)    Allegation of Adverse Employment Action

Finally, a plaintiff is required to allege the adverse employment action suffered because of her disability. Plaintiff indicates USPS did not accommodate her with a different route, and USPS has deprived her of her retirement and her uniform allowance. While Plaintiff alleges she is owed four months of back pay, she does not allege facts showing why she is entitled to back pay. Thus, Plaintiff has not adequately pled facts establishing the nature of the adverse employment action against her.

### b.    Claims Against Individual Defendants

Plaintiff's complaint also names individual defendants Lance Looper and Mel Gonzalez, who apparently did not provide her with a different route when she requested such an

accommodation. The complaint also names as a defendant Eva Foster, a supervisor in the human services department. While it is not clear from the complaint the nature of Plaintiff's interaction with these defendants or their actions in allegedly discriminating against her, even in the absence of such details, claims against these individuals are not cognizable for the reasons set forth below.

As provided in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(c) ("Title VII"), whose procedures have been incorporated into the Rehabilitation Act, an employment discrimination suit under Section 501 must designate the "head of the department, agency, or unit" as the party defendant. *See* 29 U.S.C. § 794a(a)(1); *Vinieratos v. Dep't of the Air Force*, 939 F.2d 762, 772 (9th Cir. 1991). The Ninth Circuit has held "there is no personal liability for employees, including supervisors" in Title VII actions. *Greenlaw v. Garrett*, 59 F.3d 994, 1001 (9th Cir. 1995). Thus, in a case against USPS, the Postmaster General is deemed the only proper defendant. *See Mahoney v. U.S. Postal Service*, 884 F.2d 1194, 1196 (9th Cir. 1989). Currently, Patrick R. Donahoe is the Postmaster General of the United States and is the only proper defendant. Defendants Lance Looper, Mel Gonzalez, and Eva Foster are not "the head of the department, agency, or unit," 42 U.S.C. § 2000e-16(c), and none is a proper defendant in this case. As such, Plaintiff's claims against these individual defendants are not cognizable. Plaintiff may attempt to amend her complaint to state cognizable claims against these defendants if there is a factual and legal basis to do so. However, if claims under Title VII or the Rehabilitation Act are again asserted against these defendants, such claims will be recommended for dismissal with prejudice for the reasons stated above.

**C.    Amendment of the Complaint**

For the reasons set forth above, the Court DISMISSES Plaintiff's complaint without prejudice and with leave to amend. Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of the Defendant must be sufficiently alleged. If Plaintiff fails to file

an amended complaint or fails to cure the deficiencies identified above, the Court will recommend the complaint be dismissed with prejudice.

**D.      Service of the Complaint**

Pursuant to Federal Rule of Civil Procedure 4, a summons must, among other things, "be signed by the clerk; and bear the court's seal." Fed. R. Civ. P. 4(a)(1)(F)-(G). On February 13, 2014, Plaintiff filed a "Certificate of Service" indicating that she had served a summons on the Postmaster General by delivering a copy of the summons to the Cedar Station Post Office and delivering it to Lisa Hunt, an assistant postmaster. (Doc. 4.) The summons served by Plaintiff was not issued by the Court and is neither signed by the Clerk of the Court nor bears the Court's seal as required under Rule 4. As such, Plaintiff has not substantially complied with Rule 4 service requirements. *See, e.g., Ayres v. Jacobs & Crumpler, P.A.,* 99 F.3d 565, 570 (3d Cir. 1996) (holding that "a summons not issued and signed by the Clerk with the seal of the court affixed thereto fails to confer personal jurisdiction over a defendant even if properly served."); *McClain v. 1st Sec. Bank of Washington*, No. 2:13-cv-022770RSM, 2014 WL 556042, at 2 (W.D. Wash. Feb. 12, 2014) ("Where Plaintiff has failed to serve Defendants with a summons issued by the Court and bearing the Court's impr[im]atur, the Court cannot find that Plaintiff has substantially complied with Rule 4 such that it exercises personal jurisdiction over Defendants."). If Plaintiff files an amended complaint that sets forth a cognizable claim, the Court will issue service documents to Plaintiff and, because she is proceeding *in formal pauperis*, the U.S. Marshal will be ordered to effect service of process upon the appropriate defendant.

**E.      Plaintiff's Request for the Appointment of Counsel is Denied Without Prejudice**

Plaintiff's complaint also seeks the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

Here, the Court does not find the required exceptional circumstances. Even assuming Plaintiff is not well-versed in the law and that allegations in an amended complaint would entitle her to relief, her case does not appear exceptional. This Court is regularly faced with similar cases. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. And, although Plaintiff's complaint has been dismissed with leave to amend, the Court does not find that Plaintiff is *unable* to adequately articulate her claims. For these reasons, Plaintiff's request for appointment of counsel is denied without prejudice.

### IV.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for appointment of counsel is DENIED without prejudice;
2. Plaintiff's complaint is DISMISSED without prejudice and with leave to amend;
3. Plaintiff SHALL file an amended complaint within thirty (30) days from the date of this order;
4. If Plaintiff fails to file an amended complaint, the Court will issue findings and recommendations that Plaintiff's complaint be dismissed with prejudice for failure to state a claim for which relief can be granted.

IT IS SO ORDERED.

Dated:   **March 26, 2014**                    /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE